10-77-cv
Natarelli v. VESID Office

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of April, two thousand eleven.

PRESENT:   JOSEPH M. McLAUGHLIN,
            REENA RAGGI,
            PETER W. HALL,
                *Circuit Judges.*

-----------------------------------------------------------------------

DONALD NATARELLI,

                *Plaintiff-Appellant*,

          v.                            No. 10-77-cv

VESID OFFICE,

                *Defendant-Appellee*,

UNITED STATES OF AMERICA,

                *Intervenor*.

-----------------------------------------------------------------------

FOR APPELLANT:      Donald Natarelli, *pro se*, Little Falls, New York.

FOR APPELLEE:        Andrew B. Ayers, Assistant Solicitor General (Andrea Oser, Deputy Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, New York.

FOR INTERVENOR:     Dirk C. Phillips, Attorney (Thomas E. Perez, Assistant Attorney General, Gregory B. Friel, Attorney , *on the brief*), United States Department of Justice, Civil Rights Division, Washington, D.C.

Appeal from the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on December 21, 2009, is AFFIRMED.

Plaintiff Donald Natarelli appeals <u>pro se</u> from the district court's judgment dismissing his claims against defendant the New York State Office of Vocational and Educational Services for Individuals with Disabilities ("VESID") under 42 U.S.C. § 1983, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-34, and Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12131-12165, on the grounds that the claims were barred by the Eleventh Amendment and, alternatively, that the complaint failed to state a claim upon which relief could be granted.

In reviewing the dismissal of a complaint for lack of subject matter jurisdiction, <u>see</u> Fed. R. Civ. P. 12(b)(1), and for failure to state a claim, <u>see</u> Fed. R. Civ. P. 12(b)(6), we review a district court's factual findings for clear error and its legal conclusions <u>de novo</u>, construing the complaint liberally, accepting all factual allegations therein as true, and drawing all reasonable inferences in plaintiff's favor. <u>See</u> <u>Morrison v. Nat'l Austl. Bank Ltd.</u>, 547 F.3d 167, 170 (2d Cir. 2008) (reviewing dismissal pursuant to Rule 12(b)(1)), <u>aff'd</u>, 130 S. Ct. 2869 (2010); <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 152 (2d Cir. 2002)

(reviewing dismissal pursuant to Rule 12(b)(6)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In applying these principles, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Title II of the ADA, entitled "Public Services," states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132; see Cercpac v. Health & Hosps. Corp., 147 F.3d 165, 167 (2d Cir. 1998). To state a Title II claim, a plaintiff must adequately allege that: (1) he is a "qualified individual with a disability"; (2) he was excluded from participation in a public entity's services, programs, or activities; and (3) the exclusion was the result of his disability. Hargrave v. Vermont, 340 F.3d 27, 34-35 (2d Cir. 2003) (internal quotation marks omitted).

In United States v. Georgia, 546 U.S. 151 (2006), the Supreme Court established a three-step process for analyzing Title II ADA claims when, as in this case, sovereign immunity issues are raised. See generally Florida Dep't of State v. Treasure Salvors, Inc., 458 U.S. 670, 684 (1982) ("A suit generally may not be maintained directly against the State itself, or against an agency or department of the State, unless the State has waived its sovereign immunity."); McGinty v. New York, 251 F.3d 84, 95 (2d Cir. 2001) ("The

3

Eleventh Amendment extends immunity not only to a state, but also to entities considered 'arms of the state.'"). A court must

> determine in the first instance, on a claim-by-claim basis, (1) which aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid.

United States v. Georgia, 546 U.S. at 159. Here, the district court correctly determined at the first step of Georgia analysis that the state conduct at issue did not violate Title II because Natarelli failed to allege facts sufficient to support an inference that his claimed exclusion from VESID's services was based on disabilities. Because this finding alone required dismissal of Natarelli's Title II claim, the district court need not have proceeded to the subsequent steps of Georgia analysis by considering VESID's sovereign immunity defense, and we thus need not decide whether the district court's finding of sovereign immunity was warranted. See Thyroff v. Nationwide Mut. Ins. Co., 460 F.3d 400, 405 (2d Cir. 2006) ("[W]e are free to affirm a decision on any grounds supported in the record[.]"); cf. Buchanan v. Maine, 469 F.3d 158, 172-73 (1st Cir. 2006) ("If the State's conduct does not violate Title II, the court does not proceed to the next step in the [Georgia] analysis. The claim ends.").

With respect to Natarelli's ADEA claim, the ADEA does not abrogate a state's Eleventh Amendment immunity from suit for money damages. See Kimel v. Fla. Bd. of

4

Regents, 528 U.S. 62, 91 (2000). While "sovereign immunity 'does not bar certain actions against state officers for injunctive or declaratory relief,'" Conyers v. Rossides, 558 F.3d 137, 150 (2d Cir. 2009) (quoting Alden v. Maine, 527 U.S. 706, 757 (1999)), and Natarelli's complaint generally sought "equitable relief," he failed to identify specifically which action of VESID he wished to enjoin. The district court thus correctly dismissed his ADEA claim on sovereign immunity grounds.

We have reviewed Natarelli's remaining arguments on appeal and conclude that they are without merit.[1] Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[1] In addition to plaintiff's briefs the court has reviewed his numerous supplemental filings in deciding this appeal. Plaintiff is cautioned that such submissions are not consistent with court procedures, which limit an appellant to one brief and one reply unless the court permits otherwise. See Fed. R. App. P. 28(c); see also Fed. R. App. P. 27 (setting out procedure governing motion for permission to make supplemental submission). Natarelli is advised that any future submission to the court must conform to these rules.